**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-00138-SRB-1 |
| | ) | |
| ROBERT E. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Robert E. Brown's *pro se* Motion for Compassionate

Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Provisions of First Step Act.  (Doc. #24.)

Upon review of the record, Defendant's motion is DENIED.

On April 17, 2019, Defendant pled guilty to being a felon in possession of a firearm.  On

August 28, 2019, the Court sentenced Defendant to 68 months of imprisonment.  According to

the Government, Defendant's current date of release is July 20, 2023.

On May 26, 2021, Defendant filed the pending motion for compassionate release.

Defendant states that his institutional facility is under quarantine as a result of COVID-19, and

that "there has been no rehabilitative programs due to this quarantine operation."  (Doc. #24, p.

3.)  Defendant argues that his institutional facility is not complying with COVID-19 guidelines

and regulations, including social distancing.  Defendant also argues that his housing unit "was

overwhelmed with case[s] of COVID."  (Doc. #24, p. 4.)  Defendant further states that he is

vulnerable to COVID-19 because he suffers from hypertension and post-traumatic stress

disorder.  Defendant also states that he needs to be released in order to care for his daughter who

is in foster care.  Finally, Defendant argues that he is a non-violent offender, and that if released,

he would secure a job, his family would provide him a stable home and transportation, and that he would enroll in school. The Government argues that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at * 1 (E.D. Mo. June 1, 2020) (citation omitted).

In this case, and assuming Defendant has exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce Defendant's sentence. The Court agrees with the Government that there is no evidence Defendant "is unable to provide self-care

or perform daily living activities. The defendant . . . does not demonstrate—by providing documentation or otherwise—that . . . medical or mental conditions substantially diminish his ability to provide self-care within the correctional facility." (Doc. #25, p. 8.) The Court understands Defendant's wish to care for his daughter. However, there is no indication that Defendant's daughter does not have a caretaker, that Defendant's daughter is in danger, or that Defendant's daughter is not receiving appropriate foster care. Finally, based on the current record, the Court cannot conclude that Defendant's institutional facility has failed to provide him adequate care or disregarded his safety.

Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age and apparent health and family circumstances do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. The Court further finds that Defendant has not shown that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Defendant's *pro se* Motion for Compassionate Release (Doc. #24) is DENIED. Defendant's request for an evidentiary hearing is also denied as unnecessary and as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: June 29, 2021